LUCAS VÉLEZ, Petitioner, *v.* SUPERIOR COURT, MAYAGÜEZ PART, FRANK VIZCARRONDO VIVAS, JUDGE, Respondent.

No. 2244. Argued April 2, 1956.—Decided June 19, 1956.

---

*José Sabater* for petitioner.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

On August 23, 1955, Lucas Vélez—petitioner herein—brought an action of unlawful detainer against Félix S. Hernández. The essential averments of the complaint are the following: On December 21, 1954, the plaintiff acquired by purchase a warehouse building in Mayagüez, for the purpose of withdrawing it from the rental market to devote it, in good faith, to his own use. The defendant occupies that property as a tenant of the former owner, but the plaintiff did not accept that contract or its extension in any way whatever. He so informed defendant by registered mail on December 30, 1954. In view of the fact that the defendant deposited in the District Court of Mayagüez the rental of $75 monthly which he had always paid the former owner, the plaintiff on February 9, 1956, again wrote to defendant, also by registered mail, and reaffirmed his previous decision not to accept or extend defendant's lease contract with the former owner, and asked him to vacate the premises within six months after such notice, which period had al-

ready expired on the filing of the complaint without defendant having surrendered the premises in question. On the same date of filing the complaint he sent a copy thereof to the Economic Stabilization Administration in San Juan.

After the legal procedure and a trial on the merits, the court rendered judgment *dismissing* the complaint with costs on plaintiff.

In its findings of fact the trial court considered proved the averments of the complaint, and although in its conclusions of law it stated that "the plaintiff has proved that he wishes in good faith to recover the commercial premises object of this unlawful detainer in order to devote it . . . to a business of his own," pursuant to the decisions of this court in *Heirs of Pérez* v. *Gual,* 75 P.R.R. 361 and *Roselló Hnos.* v. *Figueroa,* 78 P.R.R. 250 it concluded—and on this it based its dismissal—that the plaintiff was not entitled to demand eviction because he did not comply "with all the requirements of law" by failing to send to the Rent Office of the Economic Stabilization Administration in compliance with Administrative Order No. 7 of said Office on March 5, 1953, a copy of the written notice which he sent the tenant on December 30, 1954, requesting him to vacate the premises which he had acquired 9 days before, because he needed it for his own use, in good faith, and that consequently, the notice was void because the Administrative Order provided that "any notice shall be considered null and void where a copy is not sent to this Office coetaneously with the notice to the tenant."

In this proceeding the petitioner challenges the action of the respondent court in dismissing the complaint and prays for reversal of the judgment and that such court be ordered to enter a new judgment pursuant to its own findings of fact, ordering the eviction. In support of his appeal he alleges (1) that the Rent Administrator—at present Economic Stabilization Administrator—exceeded his authority in approving the Administrative Order in question, as to

that part which declares null and void any notice of eviction served on a tenant when a copy thereof is not sent coetaneously to the Rent Office; (2) that such order is unreasonable and violates due process of law, and (3) that it is useless in its purpose and bars him from his right to acquire in good faith his property in order to devote it to his own use.

 Administrative Order No. 7 of March 5, 1953, entitled "Provisional Order on Regulation of Unlawful Detainer Proceedings" was enacted by the Administrator of the Rent Administration Office of Puerto Rico (now Economic Stabilization Office) on the authority of § 5(d) of Act No. 464 of April 25, 1946 (17 L.P.R.A. § 185). Said Order, copied in full, is as follows:

"To become effective on and after 12:01 A. M. of March 6, 1953. Plaintiff shall be required in any unlawful detainer proceeding in the courts of Puerto Rico, to send copy of the complaint of unlawful deainer to the Rent Administration office on the filing date of the complaint. Such copy may be sent by mail. The original complaint shall contain a certificate setting forth that this requirement has been met.

"Where complaints are based on failure to pay the legal rental corresponding to a period of not less than one month, it will not suffice to allege that the rental is the one agreed upon and stipulated by the parties, it must also be alleged that the rent does not exceed the legal rent authorized by the agency having jurisdiction over the fixing of the rental of the real property object of the suit.

"Where properties for rent are under the control of the Rent Administration Office, there shall be sent a copy to this Office of any written notice of eviction sent to the tenant demanding that he vacate the dwelling or premises for any of the reasons set forth by law. Any notice shall be considered null and void where a copy is not sent to this Office coetaneously with the notice to the tenant."

In *Fernández & Hno., Inc.* v. *Pérez, ante,* p. 231 we held, as to the requirement contained in the first paragraph of said Order—sending of a copy of the complaint to the Rent Administration Office on its filing date, and

a certificate in the complaint that it has been sent—that although the plaintiff did not send originally a copy of its complaint to such office nor did he set forth therein that this requirement had been met, yet by sending a copy to that administrative agency nine days after filing the complaint—indicating also the date set for the second hearing in the action—the purpose inspiring the requirement fixed by said Order was thoroughly fulfilled: "to notify the Economic Stabilization Office to enable it, if deemed necessary, to appear in court to assert the rights granted to tenants by the law and its regulations."

This case does not deal with the failure to comply with the requirement of sending a copy of the complaint to the administrative agency as required by the first paragraph of Order No. 7, nor does this Order entail, as to such particular, the consequences of the nullity it establishes for failure to send to such agency a copy of the notice to vacate sent to the tenant. Insofar as in the latter case it entails such consequences, the Order exceeds the limits of the power delegated to the Administrator by the Legislative Assembly under § 5 (d) of the Reasonable Rents Act, which authorizes him to "make, amend or revoke, from time to time, such rules, regulations, orders and determinations as he may deem necessary or proper *in order to carry out the purposes of this Act.*" (Italics ours.)

We can not overlook the fact that this is an unlawful detainer proceeding based on the ground established by § 12-A-7—the need for his own use, in good faith, of the commercial or business premises—the constitutional scope of which was fixed by the Court of Appeals for the First Circuit in *Rivera* v. *R. Cobián Chinea & Co.*, 181 F. 2d 974, and subsequently in harmony with that decision by this Court in *Roselló Hnos.* v. *Figueroa*, 74 P.R.R. 403; *Heirs of Pérez* v. *Gual, supra; Mouriño* v. *Superior Court*, 76 P.R.R. 256, and *Roselló Hnos.* v. *Figueroa, supra.* In these cases we held that except for the requirements (1) that the notice

of eviction to the tenant 6 months before he receives the notice to vacate; (2) that the term of the contract has expired, and (3) that the lessor wishes in good faith to withdraw the same from the rental market to devote it to his own use, plaintiff need not meet any other requirement fixed in § 12-A-7 of the Act in order to file successfully an unlawful detainer proceeding. As we held in those decisions, the other requirements contained in § 12-A-7 constituted "limitations and restrictions which are additional to the exercise of the constitutional right of the owner to evict a tenant when the owner's *bona fide* purpose is, . . . that of withdrawing the premises from the rental market to devote them to its own use."

Administrative Order No. 7 *insofar as it declares void the notice* to vacate served on the tenant if a copy is not sent to the administrative agency, tends to deny legal effectiveness to the constitutional right which the legislative power itself protects and for the exercise of which it set out in the statute itself the requirement of a notice to vacate *to the tenant* upon the expiration of 6 months in order that the unlawful detainer action may prosper.

Section 12-A-7 of the Act, in subdivision *e*, provides that "The lessor shall give the affected tenant authentic written notice of his need to occupy the premises for himself, and shall require said tenant to vacate the same, all at least six months in advance of the date when the tenant receives the notice to vacate". This is one of the conditions which remains valid, after the decision of the Court of Appeals in the *Cobián Chinea* case, in §12-A-7 of the Reasonable Rents Act, pursuant to the aforecited decisions,[1] on which the lessor may refuse an extension of the lease as provided in § 12 and, consequently, prosecute the action of unlawful

---

[1] The conditions following eviction recited under letter "f" of § 12-A-7, pursuant to our ruling in *Mouriño* v. *Superior Court, supra*, continue in force because they represent the penalty imposed on any owner who seeks to defraud the public policy of the State.

detainer on the ground that he needs for himself, in good faith, the business or commercial premises. That condition is repeated in § 12-B upon providing the following:

"In the cases provided in paragraphs 7 and 8 of Section 12-A, if there should exist a fixed-term contract, he may not do so until after the date fixed for the expiration of the contract, and if a fixed-term contract does not exist, he may not do so until after the terms stated in paragraphs 7 *e* and 8 *d* of Section 12-A have elapsed.

"In any other case in which unlawful detainer proceedings may be prosecuted under Commonwealth or federal legislation, the plaintiff may not file his action until after he has served on the tenant not less than six months in advance of the date of the filing of said unlawful detainer action, authentic written notice of his intention to recover the property.

"The court shall, in all actions in which the aforesaid requisite notice has not been given, order the stay of the proceedings until the term of said notice has elapsed."

We must keep in mind that the Legislative Assembly, in enacting Act No. 464, intended mainly to set the standards for fixing reasonable rents during the emergency arising from the shortage of housing accommodations and that it validly exercised its power to regulate lease contracts and unlawful detainer proceedings as a means to prevent the use of such proceedings to circumvent the maximum rent to be charged. *Rivera* v. *R. Cobián Chinea, supra.* To that effect the Legislative Assembly regulated in detail the lease contract and the exercise of the unlawful detainer proceeding and it can be properly said that as to this action the Administrator had very little to regulate—to carry out the purpose of the law—that was not already covered by the law and, of course, nothing that might imply an additional restriction rendering void the procedure expressly provided by the statute. Once the Legislative Assembly regulated the right of action of unlawful detainer and recognized its propriety, among other reasons, for the one set forth in § 12-A-7, as an exception to the compulsory extension of the lease

420

contract—within the scope given to the law in the *Cobián Chinea* case and subsequent cases in this Court—we can not agree that the lessor having complied with the requirement of sending a notice to vacate to the tenant 6 months in advance of the filing date of the complaint as provided by law, the Administrator may declare such notice void for failure to meet his additional requirement of sending also a copy of that notice to his agency.

■ Insofar as that Order renders void the notice authentically served on the tenant, pursuant to the statute—in cases where the owner needs for his own use in good faith the commercial or business premises—Administrative Order No. 7 of March 5, 1953, is void because it constitutes an unauthorized exercise of power delegated by § 5 (*d*) of the Act.

The judgment dismissing the unlawful detainer proceeding in this case shall be reversed and the record remanded to the respondent court to render judgment sustaining the complaint pursuant to its findings of fact and conclusions of law not inconsistent with this opinion, and any other pronouncements which it deems proper at law.